# EXHIBIT "A"

Filing # 238501210 E-Filed 12/31/2025 11:42:55 AM

# IN THE CIRCUIT COURT OF THE EIGHTEENTH

# JUDICIAL CIRCUIT COURT

# IN AND FOR SEMINOLE COUNTY, FLORIDA

MICHAEL FOLAND,

and

CANDICE FOLAND

Plaintiffs,

vs.

PUBLIX SUPER MARKETS, INC.,

a Florida Corporation,

Defendant

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: **2025CA003065**

COMPLAINT FOR DISCRIMINATION AND INJUNCTIVE RELIEF

## COMPLAINT

Plaintiffs, **MICHAEL FOLAND**, and **CANDICE FOLAND** (collectively, "Plaintiffs"), sue Defendant, **PUBLIX SUPER MARKETS, INC.** ("Publix", or "Defendant"), and allege as follows:

### JURISDICTION AND VENUE

1. This is an action for damages, declaratory relief, and injunctive relief arising from unlawful discrimination in a place of public accommodation.

2. This court has subject matter jurisdiction pursuant to **Article V, Section 5(b) of the Florida Constitution, Chapter 26, Florida Statutes, Chapter 760, Florida Statutes (Florida Civil Rights Act), Section 761.03, Florida**

**Statutes (Florida Religious Freedom Restoration Act),** and **Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182.**

3. Venue is proper in **Seminole County, Florida**, pursuant to **Section 47.051, Florida Statutes**, because discriminatory acts and omissions giving rise to this action occurred in Seminole County, Florida.

4. All conditions precedent to the bringing of this action have been performed, have occurred, or have been waived.

5. Plaintiffs have filed a formal complaint with the **Florida Commission on Human Relations** concerning the conduct alleged herein on **December 18, 2025**, and all conditions precedent to the bringing of this action have been satisfied, waived, or have otherwise occurred.

## PARTIES

6. Plaintiff **MICHAEL FOLAND** is a natural person and a resident of the state of Florida.

7. Plaintiff **CANDICE FOLAND** is a natural person and a resident of the state of Florida.

8. Defendant **PUBLIX SUPER MARKETS, INC**. is a Florida corporation authorized to do business in the state of Florida and operating places of public accommodation throughout Florida, including **Publix Store #1661(Palm Springs Center)** located in Seminole County, Florida.

9. At all times material hereto, Defendant owned, operated, controlled, and/or managed the subject Publix store and was responsible for the policies, practices, training, and conduct of its employees and agents acting within the course and scope of their employment.

10. At all times material hereto, Defendant was a **place of public accommodation** within the meaning of **Section 760.02(11), Florida Statutes**, and **42 U.S.C. § 12181(7)**.

## GENERAL ALLEGATIONS / FACTUAL BACKGROUND

11. Defendant Publix Super Markets, Inc. operates Publix Store #1661, located in Seminole County, Florida, which is open to the general public and offers goods and services to customers without membership or appointment.

12. Plaintiffs' religious practice of barefoot presence is rooted in sincerely held beliefs concerning bodily humility, spiritual discipline, and reverence for creation, and is undertaken as an expression of religious exercise rather than personal preference, fashion, or convenience.

13. Plaintiff Michael Foland also has a medical condition for which he possesses a physician's letter supporting the need for barefoot accommodation.

14. For several months prior to the incident described herein, Plaintiffs patronized Publix Store #1661 on multiple occasions under similar circumstances without incident, objection, or enforcement of any footwear requirement.

15. On **December 15, 2025**, between approximately **9:00 p.m. and 9:25 p.m.**, Plaintiffs were shopping inside Publix Store #1661 when they were approached by store management near the frozen food aisle.

16. Store management informed Plaintiffs that they could not remain in the store unless they wore shoes.

17. Plaintiffs advised store management that their barefoot presence was based on sincerely held religious beliefs and, with respect to Plaintiff Michael Foland, a documented medical condition.

18. Plaintiff Michael Foland further advised store management that he possessed a physician's letter supporting barefoot accommodation and offered to present the documentation.

19. Store management declined to review or consider the medical documentation and stated that the footwear policy applied regardless of individual circumstances.

20. Store management did not engage in any individualized assessment of Plaintiff's circumstances and did not attempt to explore reasonable in-store accommodation.

21. Instead, store management offered Plaintiffs alternatives such as curbside or personal shopping, which would have excluded Plaintiffs from equal in-store access to goods and services.

22. During subsequent phone conversations, public representatives asserted that local ordinances prohibited barefoot shopping at this location.

23. No such ordinance was identified or cited, and Plaintiffs are unaware of any applicable municipal or county ordinance prohibiting barefoot shopping at Publix Store #1661, despite reasonable inquiry.

24. Publix further justified its actions by referencing OSHA bloodborne pathogen standards.

25. OSHA bloodborne pathogen standards apply to employees, not customers, and do not mandate footwear requirements for patrons of retail establishments.

26. Plaintiffs were denied the full and equal enjoyment of Publix's goods and services solely because of Defendant's rigid enforcement of a policy without reasonable accommodation.

27. As a direct and proximate result of Defendant's actions, Plaintiffs experienced humiliation, emotional distress, mental anguish, religious offense, anxiety, and loss of dignity.

28. Defendant's conduct was intentional, knowing, or in reckless disregard of Plaintiffs' rights, and reflects a failure to adopt or implement policies and training consistent with applicable civil rights laws.

29. Defendant's actions constituted discrimination in a place of public accommodation and a failure to provide reasonable accommodation as required by Florida and federal law.

## COUNT I

### RELIGIOUS DISCRIMINATION

(Florida Civil Rights Act - § 760.08, Fla. Stat.)

30. Plaintiffs reallege and incorporate by reference paragraphs **1 through 28** above as if fully set forth herein.

31. At all times material, Defendant Publix Super Markets, Inc. was a **place of public accommodation** within the meaning **of section 760.02(11), Florida Statutes**.

32. Plaintiffs hold **sincerely held religious beliefs** that include the practice of barefoot presence in daily life.

33. Defendant had notice of Plaintiffs' sincerely held religious beliefs and their request for accommodation.

34. Defendant denied Plaintiffs the **full and equal enjoyment** of goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation on the basis of religion.

35. Defendant failed and refused to make **reasonable modifications** to its policies, practices, or procedures to accommodate Plaintiffs' religious exercise.

36. Defendant instead enforced a rigid footwear policy without individualized assessment and offered segregated alternatives, including curbside or personal shopping, rather than equal in-store access.

37. Defendant's actions were **not justified by any legitimate safety requirement**, applicable law, or identified ordinance.

38. Defendant's conduct constitutes **religious discrimination in a place of public accommodation** in violation of **section 760.08, Florida Statutes**.

39. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs suffered damages, including but not limited to **humiliation, emotional distress, mental anguish, anxiety, religious offense, and loss of dignity**.

**COUNT II**

**DISABILITY DISCRIMINATION**

(Florida Civil Rights Act - § 760.08, Fla. Stat.)

40. Plaintiffs reallege and incorporate by reference paragraphs **1 through 38** above as if fully set forth herein.

41. Plaintiff **Michael Foland** has a physical and/or neurological impairment that substantially limits one or more major life activities, including walking,

balance, sensory processing, and the ability to use footwear without pain or neurological interference, and Defendant regarded Plaintiff as having such an impairment within the meaning of the Florida Civil Rights Act.

42. Defendant had notice of Plaintiff Michael Foland's disability and his request for reasonable accommodation, including notice that he possessed medical documentation supporting barefoot accommodation.

43. Defendant refused to review or consider Plaintiff Michael Foland's medical documentation and declined to engage in any interactive or individualized accommodation process.

44. Defendant enforced a rigid footwear policy without reasonable modification and denied Plaintiffs equal in-store access to goods and services.

45. Defendant instead offered segregated alternatives, including curbside or personal shopping, which constitute unequal and inferior access to a place of public accommodation.

46. Defendant's actions excluded and otherwise discriminated against Plaintiffs on the basis of disability and perceived disability.

47. Defendant failed to make reasonable modifications to its policies, practices, or procedures when such modifications were necessary to afford Plaintiffs full and equal enjoyment of the goods and services offered.

48. Defendant's conduct was not justified by any legitimate safety requirement, applicable law, or individualized risk assessment.

49. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs suffered damages, including but not limited to **humiliation, emotional distress, mental anguish, anxiety, and loss of dignity**.

50. Defendant's actions constitute **disability discrimination in a place of public accommodation** in violation of **section 760.08, Florida Statutes**.

## COUNT III
## DISABILITY DISCRIMINATION
(Americans with Disabilities Act – Title III, 42 U.S.C. § 12182)

51. Plaintiffs reallege and incorporate by reference paragraphs **1 through 49** above as if fully set forth herein.

52. Defendant **Publix Super Markets, Inc.** owns, leases, operates, and/or controls places of public accommodation within the meaning of **42 U.S.C. § 12181(7)**, including Publix Store #1661 in Seminole County, Florida.

53. Plaintiff **Michael Foland** is a qualified individual with a disability within the meaning of the **Americans with Disabilities Act ("ADA")**, and/or was regarded by Defendant as having such a disability.

54. Plaintiff Candice Foland is an individual protected under the ADA who was denied equal access to Defendant's place of public accommodation due to her association with an individual with a disability and as a result of Defendant's discriminatory policies and practices.

55. Plaintiffs are individuals protected by the ADA and were eligible to receive the goods and services offered by Defendant's place of public accommodation.

56. Defendant had notice of Plaintiff Michael Foland's disability and his request for reasonable modification of Defendant's policies, practices, or procedures, including notice that he possessed medical documentation supporting barefoot accommodation.

57. Defendant refused to make reasonable modifications to its footwear policy when such modifications were necessary to afford Plaintiffs full and equal enjoyment of Defendant's goods and services.

58. Defendant declined to review or consider Plaintiff Michael Foland's medical documentation and failed to engage in any interactive or individualized assessment regarding accommodation.

59. Defendant's discriminatory conduct also foreseeably caused heightened distress and harm to Plaintiff Candice Foland, who experiences trauma-related sensitivities, and who was denied the opportunity to access goods and services on equal terms.

60. Defendant instead offered segregated alternatives, including curbside or personal shopping, rather than permitting equal in-store access, in violation of **42 U.S.C. § 12182(b)(1)(A)**.

61. Defendant's actions constituted discrimination on the basis of disability and perceived disability, including the imposition of eligibility criteria and policies that screened out or tended to screen out individuals with disabilities.

62. Defendant cannot demonstrate that permitting Plaintiffs to shop barefoot posed a direct threat to the health or safety of others or that the requested modification would fundamentally alter the nature of Defendant's goods or services, and Defendant did not conduct any individualized, objective, or evidence-based assessment to support such a claim.

63. Defendant's conduct violates **Title III of the Americans with Disabilities Act**, **42 U.S.C. § 12182**, and its implementing regulations.

64. Plaintiffs seek injunctive and **declaratory** relief pursuant to **42 U.S.C. § 12188**, including an order requiring Defendant to modify its policies, practices, and procedures to permit reasonable accommodation and to prevent future discrimination, as Plaintiffs face a real and immediate threat of repeated exclusion should they seek to patronize Defendant's stores in the future.

**COUNT IV**

**VIOLATION OF THE FLORIDA RELIGIOUS FREEDOM RESTORATION ACT**

(§ 761.03, Fla. Stat.)

65. Plaintiffs reallege and incorporate by reference paragraphs **1 through 63** above as if fully set forth herein.

66. Plaintiffs hold **sincerely held religious beliefs**, the exercise of which includes the practice of barefoot presence in daily life.

67. Defendant Publix Super Markets, Inc., through its policies, practices, and actions, **substantially burdened Plaintiffs' exercise of religion** by denying them equal access to a place of public accommodation unless they abandoned or violated their religious practice.

68. Defendant's actions forced Plaintiffs to choose between **adhering to their religious beliefs** and **accessing goods and services open to the general public**, constituting a substantial burden under **section 761.03(1), Florida Statutes**.

69. Defendant's enforcement of its footwear policy against Plaintiffs was **not based on any identified law, ordinance, or regulation** requiring such exclusion.

70. Defendant has not demonstrated, and cannot demonstrate, that the burden imposed on Plaintiffs' religious exercise was **in furtherance of a compelling governmental interest**, as required by **section 761.03(1), Florida Statutes**.

71. Defendant has not demonstrated, and cannot demonstrate, that denying Plaintiffs in-store access was the **least restrictive means** of furthering any asserted interest.

72. Defendant failed to engage in any individualized assessment or consideration of reasonable alternatives that would have permitted Plaintiffs to exercise their religion while accessing Defendant's goods and services.

73. Defendant's offer of segregated alternatives, including curbside or personal shopping, does not satisfy the least restrictive means requirement and does not provide equal access.

74. Defendant's actions constitute a violation of the **Florida Religious Freedom Restoration Act**, **section 761.03, Florida Statutes**.

75. As a direct and proximate result of Defendant's violation of FRFRA, Plaintiffs have suffered damages, including but not limited to **emotional distress, mental anguish, humiliation, religious offense, and loss of dignity**.

76. Plaintiffs are entitled to **appropriate relief** under **section 761.03(3), Florida Statutes**, including declaratory relief, injunctive relief, and all other relief available at law or in equity.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs **MICHAEL FOLAND** and **CANDICE FOLAND** respectfully request that this Court enter judgment in their favor and against Defendant **PUBLIX SUPER MARKETS, INC.**, and grant the following relief:

A. **Declaratory Relief**, declaring that Defendant's acts, policies, and practices complained of herein violate:

    i.    The Florida Civil Rights Act, Chapter 760, Florida Statutes;

    ii.    Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182; and

    iii.    The Florida Religious Freedom Restoration Act, section 761.03, Florida Statutes;

B. **Injunctive Relief**, enjoining Defendant from continuing to enforce discriminatory policies and practices, and requiring Defendant to:

    i.    Modify its policies, practices, and procedures to permit reasonable religious and medical accommodation, including barefoot accommodation where appropriate;

    ii.    Cease denying Plaintiffs and similarly situated individuals equal in-store access to goods and services;

    iii.    Implement training and policy guidance to ensure compliance with applicable federal and Florida civil rights laws;

C. **Compensatory Damages** in favor of each Plaintiff for injuries suffered as a result of Defendant's unlawful conduct, including but not limited to:

    i.    Emotional distress;

    ii.    Mental anguish;

    iii.    Anxiety;

    iv.    Humiliation;

    v.    Religious offense; and

    vi.    Loss of dignity;

D. **Such other and further relief** as the Court deems just and proper, including any equitable relief available under Florida law;

E. **Costs of this action**, and any other relief available to Plaintiffs under applicable law.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues so triable as a matter of right.


DATED: _____12/29/2025_____


Respectfully submitted,



_____

MICHAEL FOLAND

Plaintiff, Pro Se

18049 Constitution Cir.

Fort Myers, FL 33967

Email: mfoland114@gmail.com

Telephone: (239) 416-7965



_____

CANDICE FOLAND

Plaintiff, Pro Se

18049 Constitution Cir.

Fort Myers, FL 33967

Email: cfoland@usawx.org

Telephone: (239) 490-1484